UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY ALLEN PEET, SR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-00053-SNLJ |
| | ) |
| ROGER ALLAN STEWART, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* on the issue of subject-matter jurisdiction. In this action raising issues of purely state law, plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332(a). After reviewing the record, the Court finds that plaintiff has failed to establish diversity jurisdiction. As such, plaintiff is ordered to show cause why this matter should not be dismissed for lack of subject-matter jurisdiction.

### I. SUBJECT-MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction" and "[t]hey possess only that power authorized by [the U.S.] Constitution and statute[s]." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is "presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (cleaned up). Because jurisdiction is a threshold question, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (stating a court has an

obligation to *sua sponte* consider whether subject-matter jurisdiction exists); Fed.R.Civ.P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court must be satisfied that it has jurisdiction before addressing the merits of other legal arguments. *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Because subject-matter jurisdiction involves the court's power to adjudicate a case, it cannot be forfeited or waived. *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024).

To invoke diversity jurisdiction, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a). "If any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity'" and the federal court lacks jurisdiction. *Great River Entm't, LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262 (8th Cir. 2023). "For purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017). Domicile and residence are not synonymous terms; an individual "can reside in one place but be domiciled in another." *Id.* at 1084. An individual "acquires a domicile of origin at birth, and that domicile continues until a new one (a domicile of choice) is acquired." *Id.* at 1085 (cleaned up). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Id*. A court determines intent based on objective factors, including "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Id.*

2

## II. DISCUSSION

Plaintiff has brought state law claims against the defendants in this Court based on an assertion of diversity jurisdiction under § 1332(a). [Doc. 28]. He filed his original complaint on March 24, 2025 [Doc. 1], and an amended complaint on April 15, 2025 [Doc. 28]. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). As a result, the Court must determine whether there is subject-matter jurisdiction based on the amended complaint. *Id.*

The defendants include two corporations, a limited liability company, and four individuals. A corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c). For a limited liability company (LLC), its citizenship is determined by the citizenship of its members. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-829 (8th Cir. 2004). An individual can be a resident of multiple states but is only a citizen of one state. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). "A complaint or notice of removal resting on residency, then, will not establish citizenship for diversity jurisdiction." *Id.*

In the amended complaint, plaintiff alleges that he is a resident of Kentucky, and the defendants are residents of Missouri and Tennessee. [Doc. 28 at ¶¶ 1-11]. Because plaintiff states the parties' residency, as opposed to their citizenship, he fails to establish diversity jurisdiction. Further, although he states the facts relevant to citizenship for one corporate defendant, he fails to state the state of incorporation for the other corporate

3

defendant. *See* [*Id.* at ¶ 4, 5]. He also fails to state the citizenship of the members of the LLC defendant. *See* [*Id.* at ¶ 4, 5, 8].

Because plaintiff has failed to establish diversity jurisdiction, he is ordered to show cause within 14 days as to why this case should not be dismissed. He may do so by filing a response to this Order that clearly states the citizenship of each defendant. Defendants will be allowed to submit a reply.

Further, plaintiff must provide proof of his citizenship as of March 24, 2025 (when the case was filed) and April 15, 2025 (when the amended complaint was filed). A statement of citizenship based solely on an address will not be sufficient. When this case was filed, plaintiff claimed a Kentucky address as his residence. [Doc. 2]. But a document mailed by the Clerk's Office to plaintiff at the Kentucky address was returned as undeliverable on April 24, 2025 with a handwritten note stating, "not here return to sender." [Doc. 33]. All other filing notices in this case were sent to an email address at plaintiff's request. [Doc. 2].

Exhibits submitted by the parties in this matter show two addresses for plaintiff in Sikeston, Missouri, and a mobile phone number for plaintiff with a Missouri area code. [Docs. 28-12 at 14; 28-13 at 2; 28-16 at 3, 4, 5, 7; 28-25 at 1-3; 38-3 at 4-5; 38-5 at 13; 38-7 at 2; 47-20 at 24, 25]. There are also exhibits showing that the truck and trailer at issue in this case were owned by "Peet Trucking" with an address in Sikeston, Missouri. [Doc. 28-26 at 3, 4]. Another exhibit shows that plaintiff filed a declaratory judgment action in state court on February 26, 2025—less than 30 days before filing the instant case—in which he claimed to reside in the State of Missouri. [Doc. 47-20 at 1-2]; *see*

4

*also Peet v. Stewart, et al.,* Circuit Court of Scott County case no. 25SO-CV00350, docket entry February 26, 2025.

Additionally, documents mailed to plaintiff at the Kentucky address in other cases filed in this Court have also been returned as undeliverable with a handwritten note stating, "not here return to sender." *Peet v. City of Sikeston, et al.*, 1:25-cv-00055-SNLJ, Doc. 41 (E.D. Mo. May 21, 2025); *Peet v. State of Missouri*, 1:24-cv-00164-SNLJ, Doc. 10 (December 11, 2024).[1] He also requested that filing notices be sent to his email address in those cases. *Peet v. City of Sikeston, et al.*, 1:25-cv-00055-SNLJ, Doc. 3 (E.D. Mo. May 21, 2025); *Peet v. State of Missouri*, 1:24-cv-00164-SNLJ, Doc. 3 (December 11, 2024). In another case Peet filed in this court, he provided an address in Portageville, Missouri. *Peet et al. v. City of Sikeston, et al.*, 1:24-cv-00094-SNLJ, Doc. 1 (E.D. Mo. May 15, 2024).[2]

The Court also notes that in a related state court action, a document mailed to plaintiff at the Kentucky address was recently returned as undeliverable with a handwritten note stating, "not here return to sender." *Peet v. Stewart, et al.*, Circuit Court of Scott County case no. 25SO-CV00350, docket entry September 2, 2025.[3] Likewise,

---

[1] The Court takes judicial notice of its records regarding these related civil proceedings. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records, even if court records are not actually brought before judge who is asked to take such judicial notice)).

[2] Plaintiff's other cases were filed in this Court pursuant to 42 U.S.C. § 1983 (federal question jurisdiction), so his state of citizenship was not at issue.

[3] The Court takes judicial notice of the Missouri state court proceedings and judgment. "[F]ederal courts may sua sponte take judicial notice of proceedings in other courts if they relate

5

documents mailed to plaintiff at the Kentucky address were returned as undeliverable in two other related state court actions and a writ action in the Missouri Court of Appeals. *Peet v. Stewart Auto Sales, Inc., et al.,* Circuit Court of Scott County case no. 24SO-CV01322, docket entry December 18, 2024; *Peet v. City of Sikeston, et al.,* Circuit Court of Scott County case no. 24SO-CV01911, docket entry December 10, 2024; *State of Missouri ex rel. Gregory Allen Peet, Sr. v. Honorable Robert Zachary Horack*, Missouri Court of Appeals, Southern District SD38978, docket entries May 21, 2025 and May 27, 2025.

As the party seeking a federal forum, plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). Documents that plaintiff may submit as proof of his domicile include, but are not limited to, a voter registration card, driver's license, bank account statement, personal property tax payment, property ownership, property lease agreement, state tax returns, employment documents, and business ownership documents. Any such documents may be filed under seal, and financial information, date of birth, social security number, and driver's license number may be redacted.

### III.  FEDERAL RULE OF CIVIL PROCEDURE 11 AND LOCAL RULE 2.01

Plaintiff, a self-represented litigant, has filed pleadings without an original signature, which violates Federal Rule of Civil Procedure 11 and Local Rule 2.01. Rule

---

directly to the matters at issue." *United States v. Evans*, 690 F.3d 940, 943 (8th Cir. 2012) (quoted case omitted); *see also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of Missouri public court record); *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (district court may take judicial notice of public records).

11 mandates that "every pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented" and requires a court to strike an unsigned document unless the omission is promptly corrected after notice.  Fed.R.Civ.P. 11(a).  Likewise, Local Rule 2.01 requires that all filings "shall contain the signature of the self-represented party or the party's attorney."  E.D.Mo. L.R. 2.01(A)(1).  Additionally, plaintiff has not included his address and other information required by Local Rule 2.01(A)(1) in the signature block of his pleadings.  The Court will not strike plaintiff's previously filed pleadings, but plaintiff is warned that all future filings that do not comply with Rule 11 and Local Rule 2.01 will be summarily stricken.

    Accordingly,

    **IT IS HEREBY ORDERED** that plaintiff shall show cause within 14 days as to why this action should not be dismissed for lack of subject-matter jurisdiction.  He may do so by filing a response to this Order properly alleging the citizenship of each defendant.  Defendants may file a reply to plaintiff's filing within 10 days.

    **IT IS FURTHER ORDERED** that as part of plaintiff's response to this Order, he shall provide proof of his citizenship as of March 24, 2025 and April 15, 2025 within 14 days.  Defendants may file a reply to plaintiff's filing within 10 days.

    **IT IS FURTHER ORDERED** that plaintiff is on notice of the requirement that a self-represented litigant's pleadings must be signed and that any future filings without an original signature will be summarily stricken for failure to comply with Federal Rule of Civil Procedure 11 and Local Rule 2.01.

**IT IS FINALLY ORDERED** that failure to comply with this Order will result in dismissal of this matter for lack of subject-matter jurisdiction without further notice.

**SO ORDERED** this 16th day of September, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE